United States District Court
Southern District of Texas
**ENTERED**
November 17, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **SAMAY BUSINESS INC. and** | § | |
| **SOHIL KURBAN KAROLIA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-3056** |
| | § | |
| **UR MENDOZA JADDOU, MARY** | § | |
| **ELIZABETH BRENNAN SENG,** | § | |
| **AND USCIS ADMINISTRATIVE** | § | |
| **APPEALS OFFICE,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

In this case, Plaintiffs Samay Business Inc. ("Samay") and Sohil Kurban Karolia ("Karolia") (collectively, "Plaintiffs") challenge a decision by the United States Citizenship and Immigration Services ("USCIS") denying Samay's I-140 Petition for an Immigrant Worker ("Form I-140") on behalf of Karolia. (ECF No. 1). The parties have filed cross-motions for summary judgment. (ECF Nos. 12, 16). Based on a review[1] of the motions and relevant law, the Court **RECOMMENDS** Plaintiffs' Motion for Summary Judgment (ECF No. 12) be

---

[1] On July 18, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 9).

**DENIED** and Defendants'[2] Motion for Summary Judgment (ECF No. 16) be **GRANTED**.

## I. Background

### a. Statutory Scheme

The Immigration and Nationality Act, codified at 8 U.S.C. § 1101 *et seq.*, provides that a certain number of "[v]isas shall be made available" to "skilled workers," defined as "[q]ualified immigrants who are capable . . . of performing skilled labor . . . not of a temporary or seasonal nature, for which qualified workers are not available in the United States." *Id.* § 1153(b)(3)(A)(i). Visas issued under this provision, known as "EB-3 visas," are permanent work visas, and a non-citizen who receives an EB-3 visa is also eligible to become a lawful permanent resident of the United States. *See id.* § 1255(a); *Nguyen v. Jaddou*, No. 23-cv-20597, 2024 WL 4379647, at *1 (5th Cir. Oct. 3, 2024).

To go from visa hopeful to lawful permanent resident, the non-citizen and his American employer must follow a three-step process. *E.g.*, *Nguyen*, 2024 WL 4379647, at *1. First, the non-citizen's employer must submit an Application for Permanent Employment Certification ("ETA Form 9089") and receive a certificate from the Department of Labor ("DOL"). *See* 8 U.S.C. §

---

[2] Defendants include UR Mendoza Jaddou, Mary Elizabeth Brennan Seng, and USCIS Administrative Appeals Office.

1153(b)(3)(C) ("An immigrant visa may not be issued to an immigrant under subparagraph (A) until the consular officer is in receipt of a determination made by the Secretary of Labor pursuant to the provisions of section 1182(a)(5)(A) of this title."); *see also* 20 C.F.R. §§ 656.10, 656.17 (instructions for applying for a certification). The employer's application must, among other things, describe "the job opportunity's requirements" and the duties to be performed. 20 C.F.R. § 656.17(h)–(i); (*see also* ECF No. 8 at 165–74).[3] DOL must then approve the employer's description of the job and certify (1) that "there are not sufficient workers who are able, willing, qualified . . . and available at the time of application . . . and at the place where the alien is to perform such . . . labor," and (2) that "the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed." 8 U.S.C. § 1182(a)(5)(A)(i); *see also* 20 C.F.R. § 656.24(b)(2)–(3). The description of the job's duties and requirements on the approved DOL certification then becomes the relevant measure of whether the prospective employee is qualified for the job (and therefore eligible for a visa). *See id.* § 204.5(l)(3)(ii)(B).

Second, after receiving a DOL certification, the employer must file a Form I-140 Immigrant Petition for Alien Worker ("Form I-140") with USCIS,

---

[3] The Administrative Record in this case can be found at ECF No. 8.

8 C.F.R. § 204.5(a), attaching its DOL certification, *id.* § 204.5(l)(3)(i) and requesting a visa for its prospective non-citizen employee as a "skilled worker," *id.* § 204.5(c). Before the agency, the employer is considered the "petitioner" and is the party in whose name the Form I-140 is filed and processed, *see id.* § 204.5(l)(1); the non-citizen worker, by contrast, is referred to as the "beneficiary" of the petition and has little to no formal role in the adjudication of the petition, *id.* § 103.3(a)(1)(iii)(B) (excluding a beneficiary from the category of "affected party . . . with legal standing in a proceeding). *See also Pai v. U.S. Citizenship & Immigr. Servs.*, 810 F. Supp. 2d 102, 105 (D.D.C. 2011) (noting "the employer . . . is the only party with standing in the agency to challenge [a] decision with respect to [a] petition").

For a Form I-140 to be approvable (i.e., for the beneficiary to be eligible for a visa), the beneficiary must "meet[ ] the educational, training or experience, and any other requirements of the [DOL] certification." 8 C.F.R. § 204.5(l)(3)(ii)(B). For "skilled workers," the beneficiary must have at least "two years [of] training or experience." 8 U.S.C. § 1153(b)(3)(A)(i); *accord* 8 C.F.R. § 204.5(l)(3)(ii)(B). The petitioning employer is responsible for providing evidence that the beneficiary satisfies these requirements, 8 C.F.R. § 204.5(l)(3)(ii)(B), and that evidence must be "in the form of letter(s) from current or former employer(s) or trainer(s) [that] include the name, address,

and title of the writer, and a specific description of the duties performed by the alien or of the training received." *Id.* § 204.5(g)(1). If the initial evidence submitted by a petitioner is deficient, USCIS may issue a Notice of Intent to Deny ("NOID"), explaining any deficiency and requesting clarification and/or additional evidence. *Id.* § 103.2(b)(8)(iv).

If the employer's Form I-140 is approved, the beneficiary "is eligible to stand in line for an immigrant visa number to be issued by the Department of State." *Pai*, 810 F. Supp. 2d at 104. Upon receiving a visa number, the beneficiary may embark on the third stage of the three-step process, becoming eligible to "adjust[ ] [his] status . . . to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a). If the process stops at the second step because the Form I–140 is not approved, the employer may appeal the decision to the USCIS Administrative Appeals Office (the "AAO"). *Rizvi v. Dep't of Homeland Sec.*, 37 F. Supp. 3d 870, 875 (S.D. Tex. 2014), *aff'd sub nom. Rizvi v. Dep't of Homeland Sec. ex rel. Johnson*, 627 F. App'x 292 (5th Cir. 2015).

b. <u>Factual and Procedural History</u>

In this case, Plaintiffs attempted to follow the three-step process outlined above. First, Samay applied for a DOL certification for Karolia's prospective position, "Evening Manager" of Samay's grocery store in Spring, Texas. (ECF

No. 8 at 165–74). The application was received for processing on January 24, 2016, and was approved on September 7, 2016. (*Id.* at 173). The approved certification gave the following description of Karolia's proposed job duties: "Sell food & groceries. Reconcile accounts during shift. Maintain inventory, equipment, supplies & oversee the store activity." (*Id.* at 167). It also stated the job required twenty-four months of experience. (*Id.*).

On December 12, 2016, Samay filed a Form I-140 on behalf of Karolia. (*Id.* at 157–62). On February 21, 2019, USCIS issued a NOID with respect to the Form I-140, explaining that Karolia (1) did not meet the experience requirements of the labor certification and (2) misrepresented his work experience on the visa application. (*Id.* at 142–45). USCIS noted, in support of the Form 1-140, Samay submitted an ETA Form 9089. (*Id.* at 143). On the ETA Form 9089, Samay required a prospective employee to have twenty-four months of experience as an Evening Manager or twenty-four months of experience in an alternative occupation as a Manager or related. (*Id.*). Further, USCIS noted section K of the ETA Form 9089 stated Karolia obtained his qualifying experience as a Manager at Royal Tyres, a tire sales and services business in Mumbai, India, from January 7, 2010 to March 31, 2014, working sixty hours per week. (*Id.*).

However, USCIS then explained that, in the Department of State's records, Karolia's Nonimmigrant Visa Application ("Form DS-160") filed on August 31, 2013, stated Karolia's occupation was "Business" and that Karolia was "the proprietor for Sohil K K (wholesale and retail of milk merchants, holding stable farm with 140 buffaloes)." (*Id.*).  USCIS then added that Karolia's Form DS-160 also indicated he had no previous employment.  (*Id.*).

Taking this into consideration, USCIS found Karolia "provided contradictory information on the [ETA Form 9089] because he did not disclose his prior employment at Royal Tyres on his [Form DS-160.]" (*Id.*).  As a result, USCIS stated the evidence and asserted facts regarding Karolia's work experience was less credible and, thus, failed to demonstrate that Karolia met the experience requirements of the ETA Form 9089.  (*Id.*).  Because Samay did not establish Karolia met the minimum requirements at the time the ETA Form 9089 was accepted by the DOL, Karolia was not considered "qualified" for the position and, thus, was ineligible for classification as a skilled worker. (*Id.*).

Further, USCIS found, by claiming on the ETA Form 9089 that Karolia was employed by Royal Tyres from January 7, 2010 to March 31, 2024, Karolia willfully made a false representation.  (*Id.* at 143–44).  USCIS also added this was material to whether Karolia was eligible for the requested benefit.  (*Id.* at

144).  As such, USCIS entered a finding of willful misrepresentation of fact against Karolia and invalidated the ETA Form 9089.  (*Id.*).

On March 25, 2019, Samay responded to the NOID (*id.* at 81–139), explaining that Karolia did not mention Royal Tyres on the Form DS-160 because he considered his time there as "experience" as opposed to "employment."  (*See id.* at 118).  Samay also provided numerous documents to support this proposition.  (*See id.* at 99–124).

On May 2, 2019, USCIS denied the Form I-140 for the reasons stated in its NOID.  (*Id.* at 75–80).  USCIS also stated "the submitted affidavits fail to enhance the credibility of the asserted facts and submitted evidence regarding the beneficiary's work experience within the record absent independent documentary evidence."  (*Id.* at 78).  USCIS further found Karolia willfully misrepresented a material fact for the reasons stated in its NOID.  (*Id.* at 79).

On June 4, 2019, Samay appealed USCIS's decision to the AAO.  (*Id.* at 14–19).  However, on December 18, 2019, the AAO dismissed the appeal and affirmed USCIS's decision.  (*Id.* at 3–8).  Thereafter, on August 18, 2023, Plaintiffs filed their Petition for Review under the Administrative Procedure Act in this Court.  (ECF No. 1).  Plaintiffs and Defendants have since filed cross-motions for summary judgment.  (ECF Nos. 12, 16).

## II.    Legal Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure ("Rule") 56.  Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019).  "The summary judgment mechanism is particularly appropriate for the review of a decision of a federal administrative agency." *Khamisani v. Holder*, No. 11-cv-3485, 2013 WL 1194860, at *4 (S.D. Tex. Mar. 22, 2013) (citing *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 214–15 (5th Cir. 1996)).  "The explanation for this lies in the relationship between the summary judgment standard of *no genuine issue as to any material fact* and the nature of judicial review of administrative decisions." *Girling Health Care*, 85 F.3d at 214–15 (internal quotations omitted) (emphasis in original).  "The administrative agency is the fact finder. Judicial review has the function of determining whether the administrative action is consistent with the law—that and no more." *Id.* (internal quotations omitted).

The court is authorized to review final agency decisions. *Khamisani*, 2013 WL 1194860, at *5.  Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, agency actions, findings, and conclusions can be set aside

9

if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E). This standard is "highly deferential" and "presumes that the agency's action is valid." *Khamisani v. Holder*, No. 10-cv-0728, 2011 WL 1232906, at *3 (S.D. Tex. Mar. 31, 2011). A reviewing court may not reverse or set aside the agency's decision unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Nat'l Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir. 1989). "Examples of when an agency decision is arbitrary or capricious include when the agency relied on factors not intended by Congress, when it entirely failed to consider an important aspect, or when it offered an explanation that was contrary to the evidence or completely implausible." *Khamisani v. Holder*, No. 11-cv-3485, 2013 WL 1194860, at *5 (S.D. Tex. Mar. 22, 2013) (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

The court's task is to apply the APA standard of review to the agency decision based solely on the administrative record. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985); *see Grinin v. Johnson*, 224 F. Supp. 3d 525, 529–30 (S.D. Tex. 2016), *judgment entered*, No. 16-cv-259, 2016 WL 7407490 (S.D. Tex. Dec. 15, 2016) ("Under the APA, it is the role of the agency

to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.") (internal quotations omitted). The standard of review is narrow, requiring only that an agency "examine the relevant data and articulate a satisfactory explanation for its action." *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc.*, 463 U.S. at 43). A court should not substitute its own judgment in place of the agency's. *See id.* at 513–14. Instead, the court should only consider whether the decision was based on the consideration of relevant factors and whether the agency committed a "clear error of judgment." *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285 (1974). "The decision need only have a rational basis and the reviewing court need not have come to the same conclusion." *Boi Na Braza Atlanta LLC v. Upchurch*, 194 Fed. App'x 248, 249 (5th Cir. 2006). "Thus, if the agency considers the factors and articulates a rational relationship between the facts and the choice made, its decision is not arbitrary and capricious." *Delta Found. Inc. v. United States*, 303 F.3d 551, 563 (5th Cir. 2002). The "agency's decision need not be ideal, so long as the agency gave minimal consideration to relevant facts contained in the record." *Id.*

11

### III.  Discussion

Plaintiffs assert two points of error.  Plaintiff argues (1) the record proved beyond a preponderance of the evidence that Karolia met the employment experience requirement and no reasonable adjudicator could have concluded otherwise and (2) USCIS made an error of law in determining the facts on the record amount to a misrepresentation.  (ECF No. 12 at 14–20).  Conversely, Defendants contend (1) the agency's rejection of Samay's petition was not arbitrary and capricious; (2) the agency's finding that Karolia made a willful misrepresentation of material fact was not arbitrary and capricious; and (3) the agency's observation of Samay's failure to prove ability to pay was not a ground for its holding.  (ECF No. 16 at 11–19).

### a.  <u>The Administration Decision was Not Arbitrary or Capricious</u>

Plaintiffs argue the administrative decision to deny Karolia's immigrant visa petition was arbitrary and capricious because "no reasonable adjudicator" could have concluded Karolia did not meet the employment experience requirement by a preponderance of the evidence.  (ECF No 12 at 14; ECF No. 17 at 4).  Conversely, Defendants disagree, arguing the administrative record and relevant caselaw show USCIS's conclusion, that Karolia did not have the requisite prior managerial experience, was not arbitrary and capricious.  (ECF No. 16 at 17).  Because the basis of Plaintiffs' claim is that USCIS abused its

discretion by concluding Karolia did not have the required experience despite evidence to the contrary, Defendants argue Plaintiffs' challenge goes to USCIS's factual determination. (*Id.* at 12–13). Plaintiffs do not disagree. (ECF No. 17 at 4).

USCIS's factual findings are reviewed for substantial evidence. *Hakimuddin v. Dep't of Homeland Sec.*, No. 4:08-cv-1261, 2009 WL 497141, at *3 (S.D. Tex. Feb. 26, 2009) (citing 5 U.S.C. § 706(2)(E)). "A reviewing court should not overturn an agency's findings simply because alternative findings could be supported by substantial evidence from the same record." *Id.* "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). "It must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices.'" *Id.* (citing *Hemphill v. Weinberger*, 483 F.2d 1137, 1139 (5th Cir. 1973); *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973)). That is, to obtain a reversal of the agency's decision, it must be shown that the evidence presented was so compelling that no reasonable factfinder could fail to arrive at a different conclusion. *Silwany-Rodriguez v. I.N.S.*, 975 F.2d 1157, 1160 (5th Cir. 1992).

Here, section K of Plaintiffs' ETA Form 9089 stated that Karolia worked sixty hours per week at Royal Tyres from January 2010 to March 2014. (ECF No. 8 at 170). However, Karolia submitted a Form DS-160 on August 31, 2013 that did not mention Royal Tyres. (*Id.* at 22–23). Instead, the Form DS-160 stated Karolia's occupation was "Business" and that Karolia was "the proprietor for Sohil K K (wholesale and retail of milk merchants, holding stable farm with 140 buffaloes)." (*Id.*). The Form DS-160 did not indicate any other employment. (*Id.*). Taking this into consideration, USCIS found that Karolia "provided contradictory information on the [ETA Form 9089] because he did not disclose his prior employment at Royal Tyres on his [Form DS-160.]" (*Id.* at 23).

Courts often find an AAO's decision was not "arbitrary or capricious" where the evidence reviewed by the AAO contained discrepancies or credibility issues. *See Whitestar Distribs., Inc. v. Cuccinelli*, No. 3:20-cv-970, 2020 WL 6120470, at *8 (N.D. Tex. Sept. 29, 2020), *report and recommendation adopted*, No. 3:20-cv-970-K-BN, 2020 WL 6064357 (N.D. Tex. Oct. 14, 2020) ("USCIS may deny a petition if it determines the evidence is incomplete, inaccurate, or not credible.") (citing *Madrasah Islamiah, Inc. v. Dep't of Homeland Sec.*, No. 4:12-cv-3492, 2015 WL 632090, at *10 (S.D. Tex. Feb. 13, 2015)); *Z-Noorani, Inc. v. Richardson*, 950 F. Supp. 2d 1330, 1342–43 (N.D. Ga. 2013)

14

("Considering the numerous discrepancies and omissions discussed above, the court cannot conclude that the AAO's decision was 'arbitrary or capricious.'"); *Rossville Convenience & Gas, Inc. v. Garland*, No. 20-cv-2218, 2021 WL 5865446, at *13 (D.D.C. Dec. 10, 2021) ("Between the letters' acknowledged factual errors and their identical texts, disregarding the experience letters as unreliable was neither arbitrary, capricious, nor an abuse of discretion."); *GB Int'l, Inc. v. Crandall*, 851 F. App'x 689, 692 (9th Cir. 2021) (holding a USCIS's finding was supported by substantial evidence where the agency found the evidence was vague or not credible).   "USCIS possesses full fact-finding authority related to visa petitions, and the agency may reject a petitioner's factual assertions if it does not believe that they are true."  *Rossville Convenience & Gas*, 2021 WL 5865446, at *12 (citing 8 U.S.C. § 1154(b) ("After an investigation of the facts in each case, . . . the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien . . . is eligible for preference under [§ 1153(a) or (b)], approve the petition.")).

Samay provided numerous documents to resolve the inconsistencies concerning Karolia's time with Royal Tyres.  (*See* ECF No. 12 at 15–16).  These documents include: (1) a sworn affidavit from the co-owner of Royal Tyres; (2) a sworn affidavit from Karolia; (3) a signed letter from the owner of a competitor tire shop that often dealt with Royal Tyres; (4) a sworn affidavit

from a Royal Tyres customer; (5) a sworn affidavit from an additional Royal Tyres customer; and (6) Karolia's Indian tax returns from 2012, 2013, and 2014. (*Id.*). Plaintiffs argue there is "actually no contradiction" between the Form DS-160 and the ETA Form 9089 because the Form DS-160 asks for *employment* whereas the ETA Form 9089 asks for employment *and any other experience.* (*Id.* at 16–17). Stated another way, Samay maintains Karolia did not mention Royal Tyres on the Form DS-160 because he considered his time there as "experience" as opposed to "employment." (*Id.* at 17).

USCIS ultimately found "the submitted affidavits fail to enhance the credibility of the asserted facts and submitted evidence regarding the [Karolia]'s work experience within the record absent independent documentary evidence." (ECF No. 8 at 78). USCIS also stated Plaintiff "did not submit any independent documentary evidence in support of its assertion that [Karolia] never drew a salary from Royal Tyres but used cash from the books, working 60 hours per week from January 07, 2010, to March 31, 2014." (*Id.*).

At the appellate level of review, the AAO also examined the additional evidence. (*Id.* at 4–5). The AAO stated "[i]t is not clear why [Karolia] considered [Royal Tyres] to be 'work' for purposes of the labor certification in this case but did not consider it to be 'work' for purposes of his nonimmigrant

visa application." (*Id.* at 5).  The AAO noted that Plaintiffs did not provide tax returns or payroll documentation for Royal Tyres.  (*Id.* at 6).  The AAO ultimately found, "[w]ith two other managers . . . already managing the store, and given the apparent limited physical space in the store, it is not believable that [Karolia] worked 60 hours per week from January 7, 2010, to March 31, 2014, as a manager at Royal Tyres." (*Id.*).  As a result, the AAO concluded Samay failed to resolve the inconsistences and ambiguities in the record with independent objective evidence.  (*Id.*).

In their Motion for Summary Judgment, Defendants address the various documents further, arguing the affidavits lacked credibility, the collective evidence confirmed Royal Tyres was a small operation, and the tax returns discredited Karolia's narrative given the nominal payments he received.  (ECF No. 16 at 14–15).  As such, Defendants argue USCIS considered all the evidence, made a credibility call, and reasonably found Samay did not meet its burden to show Karolia obtained two years of managerial experience from Royal Tyres as a result of the inconsistencies in the administrative record.  (*Id.* at 15).  The Court agrees with Defendants.

"The petitioner must provide reliable evidence supporting the visa application." *Grinin*, 224 F. Supp. 3d at 530–31.  "[I]t is incumbent upon the petitioner to resolve [any] inconsistencies by independent objective evidence.

17

Attempts to explain or reconcile [any] conflicting accounts, absent competent objective evidence pointing to where the truth, in fact, lies, will not suffice." *Redeemed Christian Church of God v. United States Citizenship & Immigr. Servs.*, 387 F. Supp. 3d 734, 749 (S.D. Tex. 2016) (quoting *Matter of Ho*, 19 I. & N. Dec. 582, 591 (BIA 1988)).

The record does not suggest USCIS's decision was arbitrary and capricious or that USCIS abused its discretion. The agency reviewed the evidence provided by Plaintiffs and provided their corresponding analysis. *Cf. Redeemed Christian Church of God*, 387 F. Supp. 3d at 750 (finding an arbitrary and capricious approach to the evidence where the AAO failed to analyze whether certain evidence was enough to carry a petitioner's burden). Further, "USCIS may reject a fact stated in the petition if it does not believe it to be true." *Whitestar Distributors*, 2020 WL 6120470, at *9; *see Matter of Ho*, 19 I. & N. Dec. at 591 ("Doubt cast on any aspect of the petitioner's proof may, of course, lead to a reevaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition."). For these reasons, the Court recommends that USCIS's determination was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Whitestar Distributors*, 2020 WL 6120470, at *9 (finding the denial of a Form I-140 not arbitrary and capricious where the denial was due to inconsistencies

18

in the record and petitioner's failure to resolve the inconsistencies through additional evidence).

### b. Willful Misrepresentation

Plaintiffs also argue the AAO's assertions of willful misrepresentation are arbitrary and capricious. (ECF No. 12 at 18). Conversely, Defendants contend the agency's finding that Karolia made a willful misrepresentation of material fact was not arbitrary and capricious. (ECF No. 16 at 17).

As an initial matter, Plaintiffs argue "the clear and convincing evidence standard applies here" as to the issue of willful misrepresentation. (ECF No. 17 at 5). Defendants assert Plaintiffs' argument is "wholly without any support in law." (ECF No. 18 at 3). The Court agrees as case law cited by Defendants shows other courts adhering to the substantial evidence standard when reviewing findings of misrepresentation in the context of visa applications. (ECF No. 16 at 18); *see also Bolero, Inc. v. Johnson*, No. 8:15-cv-1900, 2018 WL 11447433, at *7 (M.D. Fla. Jan. 25, 2018). As such, this Court will do the same.

> ### *i. Willfulness*

"An alien's misrepresentation is willful if the statement was deliberate and the alien had knowledge of the statement's falsity." *Bolero*, 2018 WL 11447433, at *7. Willful misrepresentation under 8 U.S.C. § 1182(a)(6)(C) "does not require proof that the person to whom the misrepresentation was made was motivated to action because of the misrepresentation, and does not require intent to deceive." *Ortiz–Bouchet v. U.S. Att'y Gen.*, 714 F.3d 1353, 1357 (11th Cir. 2013) (internal quotation marks and citations omitted).

Here, USCIS found Karolia willfully misrepresented his work experience on the ETA Form 9089. (ECF No. 8 at 23). USCIS noted Samay claimed on the ETA Form 9089 that Karolia was employed by Royal Tyres from January 7, 2010, to March 31, 2014. (*Id.* at 24). USCIS also noted Karolia signed the ETA Form 9089 under penalty of perjury. (*Id.*). However, "the evidence in the record reveal[ed] that [Karolia] was not employed by Royal Tyres on August 31, 2013 (date of filing of his visa application), and had no previous employments." (*Id.*). As a result, USCIS found Samay willfully made a false representation. (*Id.*).

On appeal, the AAO agreed with USCIS's finding:

> [W]e find that [Karolia] willfully misrepresented material facts regarding his previous employment with Royal Tyres. [Karolia] signed the labor certification attesting to the veracity of the claims on the labor certification, including over four years of employment

experience working 60 hours per week with Royal Tyres. In this way, [Karolia] directly participated in the preparation and submission of documents that convey the false impression that he had the qualifying experience as required on the labor certification. When given the opportunity to address the derogatory information described in the NOID, [Karolia] reaffirmed his claims regarding his foreign employment. In light of the unresolved contradictory evidence in the record regarding [Karolia]'s experience with Royal Tyres, we conclude that [Karolia]'s misrepresentations were willful.

(*Id.* at 7).

Ultimately, Karolia signed the ETA 9089 "deliberately, knowingly and under penalty of perjury." *Bolero*, 2018 WL 11447433, at \*7. Therefore, Karolia willfully stated he worked sixty hours a week at Royal Tyres for over four years. Based on the conflicting evidence, USCIS and the AAO both found Karolia willfully made a false representation. (ECF No. 8 at 8, 24). Thus, "[t]he findings regarding willfulness were based on substantial evidence, were not arbitrary and capricious, and the record does not compel a different outcome." *Bolero*, 2018 WL 11447433, at \*7.

### ii. *Materiality*

A misrepresentation on an application for a visa or for entry into the United States is material if: "(1) the alien is inadmissible on the true facts; or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he was inadmissible." *Id.* at 8. (quoting *Azim v. U.S. Atty.*

21

*Gen.*, 314 F. App'x 193, 193 (11th Cir. 2008); *Matter of Kai Hing Hui*, 15 I. & N. Dec. 288, 289 (BIA 1975)) (internal quotations omitted).

Based on the evidence in the record, USCIS found Karolia misrepresented a material fact for the purpose of obtaining an immigration benefit. (ECF No. 8 at 24). The AAO agreed that the contradictory evidence in the record was material to Karolia's eligibility. (*Id.* at 7). Specifically, the AAO found the misrepresentation regarding Karolia's experience with Royal Tyres on the ETA Form 9089 cut off a potential line of inquiry regarding his claimed experience. (*Id.*). Because the Form DS-160 did not indicate that reporting prior work experience was optional, and the applicant's work history had to be certified as true and correct, the AAO found Karolia made a willful misrepresentation of material fact on the ETA 9089. (*Id.* at 7–8).

Here, because the ETA Form 9089 required twenty-four months of work experience, a misrepresentation regarding work experience would be a *material* misrepresentation because "the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he was inadmissible." *Bolero*, 2018 WL 11447433, at *8. As discussed, "there is substantial evidence to support the AAO and USCIS's findings of materiality regarding these

misrepresentations, the findings are not arbitrary and capricious and the record does not compel a different result." *Id.*

c. *Ability to Pay*

Plaintiffs also argue "the AAO's contention that [Samay] had failed to prove its ability to pay the prevailing wage 'for 2016 onward' is in bad faith." (ECF No. 12 at 19). Defendants counter that the AAO did not consider its discussion of the ability-to-pay requirement as a ground for its denial of the I-140 petition. (ECF No. 16 at 19).

In its decision, the AAO stated "[a]lthough not addressed by the Director, the record does not contain regulatory-required evidence of [Samay]'s ability to pay the proffered wage from the priority date of January 24, 2016, and continuing until the beneficiary obtains lawful permanent residence." (ECF No. 8 at 8). Without evidence of its ability to pay for 2016 onward, the AAO noted it cannot find Samay has the continuing ability to pay the proffered wage from the priority date. (*Id.*). Thus, the AAO stated "[f]or this additional reason, the petition cannot be approved." (*Id.*).

To the extent ability-to-pay was an alternative basis for the AAO's decision, the Court need not reach it in its analysis because the Court has already found the AAO's primary basis for its decision, that Karolia did not have the required experience for the offered job, was not arbitrary and

capricious.   However, as noted by Defendants, Samay is required under 8 C.F.R. § 204.5(g)(2) to provide evidence showing it can pay the wage "at the time the priority date is established and continuing until the beneficiary obtains lawful permanent residence." (*See* ECF No. 18 at 5–6).  The AAO specifically notes "the record does not contain regulatory-prescribed evidence of its ability to pay for 2016 onward." (ECF No. 8 at 8).  Plaintiffs do not deny the absence of these documents; instead, Plaintiffs argue it was "too early for 2016 business tax returns and financial statements to be available." (ECF No. 12 at 19).  Nevertheless, Plaintiff did not meet this requirement.  Thus, the Court finds the AAO's recognition of this does not suggest its decision was arbitrary and capricious or that it abused its discretion.

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiffs' Motion for Summary Judgment (ECF No. 12) be **DENIED** and Defendants' Motion for Summary Judgment (ECF No. 16) be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time

period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on November 15, 2024.

Richard W. Bennett
United States Magistrate Judge